IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>ONE HUNDRED (100) BILLS IN UNITED STATES CURRENCY ($10,000.00); ONE (1) 2018 TOYOTA RAV-4 SE, LICENSE PLATE: JDP-304, VIN: 2T3NFREV8JW511451; ONE (1) APPLE I-WATCH 4; ONE (1) TCL ROKU TV 55"; ONE (1) VIZIO SMART TV 40"; AND ONE (1) VIZIO SMART TV 32",<br>**Defendant.** | CIVIL NO. 20- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico; Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief, Civil Division and Rafael J. López-Rivera, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881; and Title 18, United States Code, Sections 1956(a)(1)(A) and (a)(1)(B), 1957; and 981(a)(1)(A) and 982(a)(1)(B).

DEFENDANT IN REM

The defendant currency seized by Homeland Security Investigations ("HSI") agents consists of: One hundred (100) bills in United States Currency ($10,000.00); One (1) 2018 Toyota

1

RAV-4 SE, License Plate: JDP-304, VIN: 2T3NFREV8JW511451; One (1) Apple I-Watch 4; One (1) TCL Roku TV 55"; One (1) Vizio Smart TV 40"; and One (1) Vizio Smart TV 32".

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28, United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 21, United States Code, Section 881; and Title 18, United States Code, Sections 1956(a)(1)(A) and (a)(1)(B), 1957; and 981(a)(1)(A) and 982(a)(1)(B).

This Court has in rem jurisdiction over the defendant property pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant property is found in this district).

Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant property is found in this district).

## BASIS FOR FORFEITURE

This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881; and Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1)(B).

## FACTS

The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the HIS Special Agent, Gerardo E. Mujica attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant property be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 13th day of March 2020.

W. STEPHEN MULDROW
United States Attorney

*s/Héctor E. Ramírez-Carbó*
**Héctor E. Ramírez-Carbó**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. PR No. 214902
350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Email: hector.e.ramirez@usdoj.com

*s/Rafael J. López-Rivera*
**Rafael J. López-Rivera**
Assistant U.S. Attorney
U.S.D.C. PR No. 221213
350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787 766-5656
Fax. (787) 771 4050
Email: rafael.j.lopez@usdoj.gov

VERIFIED DECLARATION

I, Rafael J. López-Rivera, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by HSI; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 13th day of March 2020.

*s/Rafael J. López-Rivera*
**Rafael J. López-Rivera**
Assistant U.S. Attorney

VERIFIED DECLARATION

I, Gerardo E. Mujica, HSI Special Agent, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 13th day of March 2020.

Gerardo E. Mujica, Special Agent
Homeland Security Investigations

## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT

## INTRODUCTION

Pursuant to Title 28, United States Code, Section 1746, I, Gerardo E. Mujica, declare under penalty of perjury that the foregoing is true and correct:

## PROFESSIONAL BACKGROUND

I am a Special Agent with the Homeland Security Investigations (HSI), Special Agent in Charge, San Juan, (SAC/SJ) Puerto Rico. I have been employed as a Special Agent since 2010, and I am currently assigned to the HSI San Juan Financial Crimes Investigation Group (FCIG). I graduated from the twelve-week (12), full time residence "Criminal Investigator Training Program" and from the sixteen-week (16) Homeland Security Investigations Special Agent Training (HSI-SAT) Program conducted at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to becoming a Special Agent with DHS-HSI in San Juan, Puerto Rico, I worked as a Special Agent for the Treasury Inspector General for Tax Administration in Chicago, Illinois for approximately 4 ½ years.

As a Special Agent, I have received training and participated in criminal investigations, including investigations relating to narcotics smuggling, financial investigations, aiding and harboring of aliens smuggled into U.S. jurisdiction, production of child pornography, among others. I am familiar with the trafficking of illegal drugs, its proceeds and money laundering/drug trafficking organizations (ML/DTO) operating in the continental United States (CONUS), Colombia, Panama, Dominican Republic, Puerto Rico and other countries. I am cross-designated and have the authority to conduct Title 21 investigations and enforcement activities. I have been involved with investigations for Title 21 offenses and I am familiar with the Interagency Cooperation Agreement between the U.S. Drug Enforcement Administration

(DEA) and ICE-HSI. Through my training and experience, I have become familiar with the *modus operandi* of drug traffickers and their method of communication by use of cellular telephones and coded language and the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs and the manner in which proceeds of drug trafficking are laundered.

During my law enforcement career, I have conducted and assisted in investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, importation of controlled substances, and the associated conspiracies in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 952, and 963. I have received detailed instructions and conducted various complex investigations concerning the unlawful importation and distribution of controlled substances, the laundering and concealment of drug proceeds, the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities, the manner in which illegal drugs are transported, stored, and distributed, among others. I have experience conducting surveillance operations, analyzing telephone records, interviewing witnesses, executing search and arrest warrants, participated in wire, electronic and physical surveillance and other investigative techniques. The investigations in which I have participated have resulted in the arrest, prosecution and conviction of individuals who have smuggled, received and distributed controlled substances, including marihuana, heroin and narcotics as well as the seizure of those illegal drugs and proceeds of the sale of those illegal drugs.

The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this affidavit is made for the limited purpose of establishing forfeitability of certain assets, I have not recited

each and every fact known to me as a result of this investigation. As a result of personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this Unsworn Declaration.

This Unsworn Declaration is in support of a forfeiture action for assets seized on October 7, 2019, from Ana Florinda CANDELARIO-Martinez, subsequent to an outbound inspection conducted by Customs and Border Protection (CBP) at the Pan American Dock West, in San Juan, Puerto Rico.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture <u>in rem</u>, which involves the offenses detailed in Section 981(a)(1)(A) & 982(a)(1) of Title 18 of the United States Code, on the grounds that said property was involved in, or traceable to, a Money Laundering transaction in violation of Title 18, <u>United States Code</u>, Sections 1956(a)(1)(A), 1956(a)(1)(B), and 1957; and Title 21, <u>United States Code</u>, Section 881(a)(4), on the grounds that the seized property was furnished or intended to be furnished in exchange for a controlled substance and/or constitute proceeds to such an exchange and/or it was used or intended to be used to facilitate a violation under Title 21.

Based on my formal education, professional training, work experience, and continued discussions with other federal and state law enforcement officers, I can state with an ample margin of confidence that I do have and possess specialized technical and practical knowledge pertaining to the habits, culture, behavior, schemes, methods of financial investment and peculiar business practices that are typical of drug traffickers and money launderers. In addition to the aforesaid, it is also my understanding that:

a. The courts have recognized that amassed wealth of an unexplained origin is highly suggestive factor and is eligible as an element of probative evidence of crimes motivated by profit or greed, in particular, that of money laundering;

b. That individuals involved in narcotics smuggling, money laundering and other financial crimes often deposit the proceeds of their illegal activities into financial institutions, invest in real estate and/or other businesses, and purchase items such as boats, cars, and jewelry. Often, these purchases and/or investments are made under fictitious names, aliases and/or names of relatives, associates known as straw owners or business entities such as shell companies in order to avoid or lessen the likelihood of detection of these illicit assets by government agencies;

c. Although these illicitly gained assets may be listed in government or financial records as being in the name other than the money launderers, the money launderers have de facto control over these assets, in effect, owning the property and what it may produce with uninterrupted access, and exerting continuous use of these assets and whatever profits they may produce. The money launderers exert practical control and dominion over these properties through third persons, whether they be natural persons or entities, without there being an obvious trace or official record linking the property to the person or entity who benefits the most of it;

d. When individual persons (or entities) involved in drug trafficking, money laundering and other illegal activities amass large amounts of monies of Specified Unlawful Activities (SUA) derived proceeds, these very same individuals then take steps in order to attempt to legitimize said ill-gotten profits. To do so, drug traffickers, drug smugglers and money launderers utilize foreign and domestic banks and their attendant services, securities,

cashier's checks, money drafts, letters of credit, brokerage houses, real estate firms and real estate purchases, shell corporations, and business fronts to gain access to the financial system and then begin a complicated layering process of investments, buying and selling, and money movement with the primary intent of obscuring as much as possible the illicit SUA origin of the monies or proceeds. They also sell such assets in order to further distance the money from its original source. Once the layering process has been reasonably accomplished and the origin of the illicit funds thoroughly obscured through the convoluted and complex money-movement layering processes, the scrubbed proceeds are then used as income by the individuals that comprise the criminal enterprise, utilized to finance more criminal business ventures, or funneled into businesses, real estate and long term financial investment portfolios, etc.

e. That persons involved in drug trafficking and money laundering often conceal large amounts of currency, financial instruments, jewelry, and other items of value as well as evidence of financial transactions in their place of business, residences, safes, safe deposit boxes and in the hidden compartments of automobiles, furniture and residences.

## ITEMS TO BE FORFEITED

This unsworn declaration is offered in support for the forfeiture of the following assets seized from Ana F. CANDELARIO-Martinez:

1. One hundred (100) bills in United States currency ($10,000.00);
2. One (1) 2018 Toyota RAV-4 SE, License Plate: JDP-304, Vehicle Identification Number: 2T3NFREV8JW511451;
3. One (1) Apple I-watch 4;
4. One (1) TCL Roku TV 55";
5. One (1) Vizio Smart TV 40"; and
6. One (1) Vizio Smart TV 32".

## FACTUAL BACKGROUND

The present civil forfeiture case is related to criminal case *United States v. Emmanuel Pacheco-Marin et. al.*, 19-121(GAG). Pacheco-Marin and co-conspirators were identified as members of "Las FARC Company" (Las Fuerzas Armadas Revolucionarias de Cantera), a drug trafficking organization operating out of Barrio Obrero Ward, and other known locations in Santurce.

Las FARC Company operated since in or about 2006 until the organization was disrupted. Members of Las FARC Company would profit from the illegal distribution of narcotics.

It was part of the manner and means of the conspiracy that the leaders of the conspiracy would use part of the proceeds of the illegal activity to purchase legitimate assets and/or services, including but not limited to real estate properties, nightclubs, motor vehicles, vessels, clothing, trips, hotel accommodations and private parties.

It was part of the manner and means of the conspiracy that co-defendants and their coconspirators would promote the unlawful drug trafficking activities by conducting financial transactions.

On October 7, 2019, Customs and Border Protection (CBP) officers conducted a routine outbound inspection of passengers and cargo departing from Puerto Rico to the Dominican Republic on board the Motor Vessel (M/V) Kydon. During the inspection, Ana F. CANDELARIO-Martinez (herein, CANDELARIO-Martinez) was identified as the driver and sole occupant of a 2018 Toyota RAV-4 bearing Puerto Rico License Plate # JDP-304 (herein, 2018 Toyota RAV-4). CANDELARIO-Martinez declared she was traveling with $10,000 dollars in cash currency. CANDELARIO-Martinez was referred to secondary to verify whether she needed to complete a FinCen Form 105.

CANDELARIO-Martinez made multiple inconsistent statements to CBP officers regarding the origins of the $10,000 dollars. CANDELARIO-Martinez stated she worked at a beauty salon, but later stated she has not worked there in over 2 months. CANDELARIO-Martinez stated she had worked at "Hogar Dorado" (elderly care facility) but that CANDELARIO-Martinez had not worked there either in over 6 months. CANDELARIO-Martinez claimed that before "Hogar Dorado," she had also been previously employed at "Nuevo Horizonte" but had not worked there for approximately 9 months.

CBP officers proceed to count and verify the currency. During secondary inspection subject was asked by CBP officers if she could provide evidence regarding the proceeds of the currency. CANDELARIO-Martinez stated she had saved them in a 2-year period. Currency was counted and during process it was revealed to total $10,000 U.S. currency, all in $100-dollar bills.

Due to CANDELARIO-Martinez' inconsistencies an inability to provide evidence regarding the origins of the currency, and providing questionable/vague statements to CBP officers, CBP contacted HSI San Juan agents for assistance.

HSI San Juan Special Agent (SA) from the Caribbean Anti-Money Laundering Alliance and the Seaport-Border Enforcement Security Task Force, responded to the Pan American Dock Vehicle inspection Area and conducted a secondary inspection with CANDELARIO-Martinez.

At approximately 5:00 p.m., HSI San Juan agents explained to CANDELARIO-Martinez there were questions regarding the origins of the $10,000 dollars she reported prior to departing to the Dominican Republic. CANDELARIO-Martinez was not under arrest, not handcuffed, and agents advised nature of interview pertained to secondary customs inspection.

CANDELARIO-Martinez stated she has resided at Calle Cortijo #469 in Barrio Obrero (San Juan), Puerto Rico for approximately one (1) year. CANDELARIO-Martinez stated she works as

a beautician and during the weekends, she works at a nursing home. CANDELARIO-Martinez stated she makes approximately $500 dollars per week as a beautician ($2,000 monthly) an approximately $300 per weekend at a nursing home. CANDELARIO-Martinez stated she receives $500 dollars in cash at the beauty salon and receives a check for $300 from the nursing home. CANDELARIO-Martinez stated she has no additional sources of income, although in occasion she sells clothes.

CANDELARIO-Martinez stated she purchased the 2018 Toyota RAV-4 approximately eight (8) months ago. A review of the 2018 Toyota RAV-4 registration showed a different address for CANDELARIO-Martinez (432 Calle De Los Santos, Barrio Obrero). CANDELARIO-Martinez stated she used a different address because she had issues with receiving mail at her residence.

CANDELARIO-Martinez was asked if she had any ties to drug trafficking, money laundering, and/or human smuggling organizations. CANDELARIO-Martinez stated she does not have any ties to criminal activities.

A review of law enforcement databases linked CANDELARIO-Martinez to Pelagio GARRIDO-Santana (herein, GARRIDO-Santana). On or about July 30, 1990, GARRIDO-Santana was arrested for transporting two (2) illegal aliens (DR nationals). GARRIDO-Santana was stopped by the Puerto Rico Police Department (PRPD) Aguadilla Highway Patrol for a traffic violation. When not all of the passengers in the vehicle were able to produce identification documents, Border Patrol was contacted to determine alienage.

CANDELARIO-Martinez was advised of the potential consequences for providing false statements to law enforcement officers. CANDELARIO-Martinez stated GARRIDO-Santana was her ex-husband. CANDELARIO-Martinez was questioned if she was recruited by a third

party to transport $10,000 dollars to the Dominican Republic. CANDELARIO-Martinez stated she saved the $10,000 dollars, even though it were all $100 bills, and seemed new in nature.

CANDELARIO-Martinez was questioned if she was recruited by a third party to register the 2018 Toyota RAV-4 under her name and conduct exportation to the Dominican Republic. CANDELARIO-Martinez stated she purchased the defendant vehicle at Braulio Agosto car dealership. CANDELARIO-Martinez denied to have facilitated trade-based money laundering by registering the 2018 Toyota RAV-4 under her name. CANDELARIO-Martinez she traded-in former vehicle and subsequently paid approximately $17,000 dollars in cash to pay off the 2018 Toyota RAV-4. CANDELARIO-Martinez stated it took her approximately two (2) years to save the $17,000 dollars.

During secondary inspection, CBP officers located a CANDELARIO-Martinez' Banco Popular checking statement (August 2019).The statement showed an opening balance of $53.73 and an ending balance of $545.14.

A review of the Puerto Rico Department of Motor Vehicles (PRDMV) records confirmed CANDELARIO-Martinez as the registered owner of the 2018 Toyota RAV-4. In addition, PRDMV records listed CANDELARIO-Martinez as the registered owner of 2019 Honda Accord bearing license plate JET-240.

CANDELARIO-Martinez stated that as a favor to a friend and agreed to register the 2019 Honda Accord under her name. CANDELARIO-Martinez was unable to identify her friend, and referred to him as "Conejo." CANDELARIO-Martinez stated "Conejo" is no longer in Puerto Rico as he moved to the United States. CANDELARIO-Martinez stated she does not know whereabouts of the 2019 Honda Accord.

CANDELARIO-Martinez voluntarily signed DHS Form 4607, Notice of Abandonment and Assent to Forfeiture of Seized Merchandise, which was explained and provided to her in her native language, Spanish. HSI San Juan recommended administrative seizure of the $10,000 dollars, the 2018 Toyota RAV-4, and all merchandise being transported inside defendant vehicle which included one (1) Apple I-watch 4; one (1) TCL Roku TV 55"; one (1) Vizio Smart TV 40"; and one (1) Vizio Smart TV 32".

HSI San Juan conducted a financial investigation as to CANDELARIO-Martinez (Claimant) and the results are as follows:

   a. Puerto Rico Treasury Department (Hacienda) – negative results; Claimant has never filed income tax returns.
   b. Camarero Race Track - negative results; Claimant has not won a prize.
   c. Loteria Electronica de Puerto Rico - negative results; Claimant has not won a prize.
   d. Loteria Tradicional de Puerto Rico - negative results; Claimant has not won a prize.
   e. Comision de Recaudos de Ingresos Municipales (CRIM) - negative results; Claimant has never made payments.

On October 29, 2019, Braulio Agosto Motors LLC produced the following information: CANDELARIO-Martinez purchased the 2018 Toyota RAV-4 at Braulio Agosto Toyota dealership located at Ave 65th de Infanteria Km 3.1 in Rio Piedras, Puerto Rico on December 11, 2018. The 2018 Toyota RAV-4 was sold for $33,340.35. CANDELARIO-Martinez traded-in a 2012 Toyota Highlander, bearing license plate HYB-931, which was valued in $15,000.00. CANDELARIO-Martinez paid $17,840 in cash to Braulio Agosto Toyota.

On December 27, 2019, HSI received a petition filed by Ana Florinda CANDELARIO-Martinez, through her legal representative. CANDELARIO-Martinez expressed interest in recuperating seized property.

CANDELARIO-Martinez failed to produce any documents pertaining to the origins of the one hundred (100) bills in United States currency ($10,000.00); one (1) 2018 Toyota RAV-4 SE,

License Plate: JDP-304, Vehicle Identification Number: 2T3NFREV8JW511451; one (1) Apple I-watch 4; one (1) TCL Roku TV 55"; one (1) Vizio Smart TV 40"; and, one (1) Vizio Smart TV 32" administratively seized on October 7, 2019.

Investigation revealed that Ana Florinda CANDELARIO-Martinez registered assets under third party owners in order to conceal true ownership from government authorities.

As part of this investigation, agents identified several motor vehicles, known to be purchased by CANDELARIO-Martinez that were registered under third-parties in order to conceal assets presumed to be the fruit of drug trafficking and money laundering activities.

The statutory provisions pursuant to which Ana Florinda CANDELARIO-Martinez' assets are subject to seizure and forfeiture are as follows:

a. Title 18, United States Code, Section 1956(a)(1)(A) - "Laundering of Monetary Instruments": (a)(1) "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity" - (A)(i) with the intent to promote the carrying on of specified unlawful activity.

b. Title 18, United States Code, Section 1956(a)(1)(B) - "Knowing that the transaction is designed in whole or in part"- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; (ii) to avoid a transaction reporting requirement under State or Federal law.

c. Title 18, United States Code, Section 1957 "Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity" (a) "Whoever, knowingly engages

or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity".

d. Title 18, United States Code, Sections 981(a)(1)(A) & 982(a)(1), on the grounds that said monies constitute property involved in, or traceable to, a Money Laundering transaction in violation of 18 U.S.C. Sections 1956(a)(1)(A), 1956 (a)(1)(B), and 1957.

e. Title 21, United States Code, Section 881 - on the grounds that the seized property was furnished or intended to be furnished in exchange for a controlled substance and/or constitute proceeds to such an exchange and/or it was used or intended to be used to facilitate a violation under Title 21.

Based upon my training, experience, and the facts that I have learned related to this investigation, I respectfully believe that the aforementioned seized assets are forfeitable pursuant to Title 18, United States Code, Sections 1956(a)(1)(A), 981(a)(1)(A), 982(a)(1) and 1957; and Title 21, United States Code, Section 881.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to Title 28, United States Code, Section 1746.

In San Juan, Puerto Rico, this 13th day of March 2020.

*[signature]*
Gerardo E. Mujica
Special Agent
Homeland Security Investigations

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

### DEFENDANTS

ONE HUNDRED (100) BILLS IN UNITED STATES CURRENCY ($10,000.00); ONE (1) 2018 TOYOTA RAV-4 SE, LICENSE PLATE: JDP-304, VIN: 2T3NFREV8JW511451; ONE (1) APPLE I-WATCH 4; ONE (1) TCL ROKU TV 55"; ONE (1) VIZIO SMART TV 40"; AND ONE (1) VIZIO SMART TV 32".

(b) County of Residence of First Listed Plaintiff _____
     (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
     (IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Rafael J. López-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question   (U.S. Government Not a Party)
☐ 4   Diversity   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 370 Other Fraud | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**     **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other  ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Title 21, United States Code, Section 881; and Title 18, United States Code, Sections 1956(a)(1)(A) and (a)(1)(B), 1957; and 981(a)(1)(A) and 982(a)(1)(B).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   03/13/2020

SIGNATURE OF ATTORNEY OF RECORD

s/Rafael J. López-Rivera

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

 **United States District Court** *for the* **District of Puerto Rico**

# CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   U.S. v. One hundred (100) bills in United States Currency ($10,000.00); One (1) 2018 Toyota RAV-4 SE, License Plate: JDP-304, VIN: 2T3NFREV8JW511451; One (1) Apple I-Watch 4; One (1) TCL Roku TV 55"; One (1) Vizio Smart TV 40"; and One (1) Vizio Smart TV 32".

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE      CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES    [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES    [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES    ☐ NO

(Please Print)

USDC ATTORNEY'S ID NO.: USDC # 221213

ATTORNEY'S NAME: Rafael J. López-Rivera

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY   PR    ZIP CODE 00918

TELEPHONE NO.: 787-766-5656